**K.M. KURIAKOSE, Plaintiff,**

**Thomas M. Kuriakose, Plaintiff–Appellant,**

**v.**

**Thomas BUTLER, Defendant,**

**City of Mount Vernon, Linda Baker, Ericka Krieger, Arthur Gutekunst, Andrianna Epps, Wesley Morgan, Leon Scott, Benjamin Marable, Louis Camisa, Louis Albano, Commissioner of Police, Commissioner of Buildings,**

Corporation Counsel, Police Officer, Williamson, Police Officer # 28, Other Unknown, Police Officers, Ronald Blackwood, Defendants–Appellees.

Docket No. 00–9443.

United States Court of Appeals, Second Circuit.

Oct. 23, 2001.

Thomas M. Kuriakose, Mount Vernon, NY, pro se.

Vincent R. Fontana, Esq., L'Abbate, Balkan, Colavita & Contini, L.L.P., Garden City, NY, for appellees.

Present WALKER, Chief Judge, NEWMAN, and KEARSE, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the September 25, 2000 judgment of said district court be and it hereby is **AFFIRMED** and the remainder of the appeal is **DISMISSED.**

Plaintiff–Appellant Thomas M. Kuriakose ("Kuriakose" or plaintiff), *pro se,* appeals from the following judgments of the United States District Court for the Southern District of New York (Parker, *D.J.*): (1) a partial grant of defendants' motion for summary judgment entered March 9, 1999; (2) all the orders, decisions and judgments issued from September 9, 1999 through September 14, 1999; (3) a judgment for defendants entered September 24, 1999 following a jury verdict; (4) an oral order denying plaintiff's motion for new trial entered October 29, 1999; (5) an order denying plaintiff's motion brought under Federal Rules of Civil Procedure 50, 52(b) and 59 dated September 25, 2000; and (6) all the district court's decisions and orders rendered during discovery.

In January 1997, Kuriakose filed suit against the City of Mount Vernon; Linda Baker, a City Building Code Enforcement officer; Ericka Krieger, former City Buildings Commissioner; and Arthur Gutekunst, former City Corporation Counsel alleging, *inter alia,* that defendants had conspired to violate his First, Fourth, Fifth, Sixth and Fourteenth Amendment rights. The gravamen of his complaint was that the defendants violated his rights

by selectively enforcing the building code against him, issuing violations, and refusing to dismiss corrected violations. Kuriakose subsequently filed two amended complaints, in which he added his wife as a plaintiff, a number of defendants, and expanded the allegations described in the previous complaints. Defendants moved for summary judgment in April 1998, in response to which the Kuriakoses filed an opposition and cross motion for summary judgment in August 1998. By order dated March 5, 1999, the district court denied the Kuriakoses' motion in its entirety and granted in part and denied in part defendants' motion for summary judgment. Thereafter, the Kuriakoses retained an attorney and proceeded to trial in September 1999. During trial, the district court granted in part defendants' oral motion to dismiss made at the conclusion of plaintiffs' case and the jury returned a verdict for the defendants on all other counts on September 14, 1999; judgment was entered September 24, 1999. On October 29, 1999, the district court orally denied the Kuriakoses' motion for a new trial. Almost one year later, on September 25, 2000, the Kuriakoses filed a motion "to amend the findings or make additional findings, conclusions and to amend judgment or review and reconsider orders dated 10/29/1999, under Rule 50, 52(b) or for a new trial under Fed.R.Civ.P. Rule 59." The district court denied the motion on September 25, 2000. This appeal followed.

■ It is well settled that the timely filing of a notice of appeal is mandatory and jurisdictional. *Browder v. Dir., Ill. Dep't of Corr.*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). Title 28 U.S.C. § 2107 and the Federal Rules of Appellate Procedure clearly require the filing of a notice of appeal within thirty days of the entry of judgment. *See* Fed. R.App. P. 4(a)(1)(A). As Kuriakose filed his notice of appeal over one year after the entry of judgment on September 24, 1999, we *sua sponte* dismiss his appeal from the district court's (1) partial grant of defendants' motion for summary judgment entered March 9, 1999; (2) orders, decisions and judgments issued from September 9, 1999 through September 14, 1999; (3) judgment for defendants entered September 24, 1999 following a jury verdict; (4) oral order denying plaintiff's motion for new trial entered October 29, 1999; and (5) decisions and orders rendered during discovery.

■ We affirm the district court's September 25, 2000 ruling on plaintiff's motion, brought pursuant to Federal Rules of Civil Procedure 50, 52(b), and 59 on the ground that his motion was untimely filed. *See* Fed.R.Civ.P. 50(a)(2) & (b) (providing that a motion for judgment as a matter of law may be made at any time before the submission of the case to the jury and can be renewed no later than 10 days after entry of judgment); Fed.R.Civ.P. 52(b) (providing that a party may move the court to amend its findings no later than 10 days after entry of judgment); Fed. R.Civ.P. 59(b) (requiring that a motion for new trial be filed no later than 10 days after entry of judgment).

We have carefully considered plaintiff's remaining arguments and consider them to be without merit.

For the foregoing reasons, the September 25, 2000 judgment of the district court is **AFFIRMED** and the remainder of the appeal is **DISMISSED**.